**Morgan S. KAUFMAN**

v.

**UNITED STATES of America.**

**Civ. A. No. 32569.**

United States District Court
E. D. Pennsylvania.

March 23, 1964.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., David A. Wilson, Jr., C. Moxley Featherston, Henry G. Zapruder, Dept. of Justice, Washington, D. C., for defendant.

HIGGINBOTHAM, District Judge.

Both the plaintiff, Morgan S. Kaufman, and the defendant, United States of America, move for summary judgment [1] in this suit for tax refund [2] in which plaintiff claims deductions for legal and related expenses incurred by him in the process of obtaining reinstatement to the Bar. The parties agree that there are no factual issues in dispute.[3]

Plaintiff practiced law in Pennsylvania from 1905 until 1941, when criminal charges were lodged against him. The indictment was eventually nol prossed after two trials where the juries failed to return unanimous verdicts. Thereafter, disbarment proceedings were instituted against plaintiff and in 1943 he was disbarred. In 1941, while the criminal prosecution was still pending, plain-

---

1. Plaintiff made an oral motion at the argument on the government's motion for summary judgment. Record, p. 16.

2. Timely claim for refund and disallowance by the Commissioner were made beforehand in accordance with § 7422 and § 6532 of the Internal Revenue Code of 1954.

3. Record, p. 16.

tiff purchased a manufacturing plant and began devoting virtually all of his business time to the development of this enterprise. Plaintiff continued in the manufacturing business until 1958 when he sold his interest in the plant.

During the years 1957, 1958 and 1959, plaintiff incurred $25,550.84 of legal and related expenses in an effort to gain re-instatement to the Bar. On March 26, 1959, the United States District Court issued an order reinstating him. In its order, however, the Court stated that even though it was granting "clemency," the original disbarment was "fully justified." [4]

In order for expenses to be deductible under § 162 of the 1954 Internal Revenue Code, they must *relate directly* to a business [5] that exists or existed [6] and not to a *prospective* venture which is non-existent at the time to which the deduction pertains. See, McDonald v. Commissioner, 323 U.S. 57, 65 S.Ct. 96, 89 L.Ed. 68 (1944); Owen v. Commissioner, 23 T.C. 377 (1954).

The government maintains that the legal fees in question relate to plaintiff's then prospective efforts to become a licensed attorney and not to plaintiff's former "business" of practicing law, the latter having been terminated by the disbarment with plaintiff's full-time participation in an unrelated business for 16 subsequent years.[7]

At the threshold, it must be conceded that neither counsel nor the Court has found any cases involving the precise factual issue now before this Court. Thus, since as Mr. Justice Holmes once said, "the language of judicial decision is mainly the language of logic," [8] we must inquire as to which set of previously announced principles are most relevant to decide the instant matter as a case of first impression.

Basically, there have been three lines of cases involving lawyers which announce doctrines that seem most relevant and controlling here:

(1) Cases involving elected state judges where the issue was whether a judge can deduct as a present business expense those campaign expenditures incurred in an effort to obtain re-election during a subsequent year.

(2) Cases involving a lawyer's expenditures for his admission to practice in state "X" where taxpayer is already licensed to practice in state "Y".

(3) Cases where taxpayer-lawyer is not presently practicing in the state where he has been licensed but in which he claims deductions for expenditures made in order to prepare for the resumption of practice in his licensed state at some indefinite future date.

## I. EXPENDITURES BY JUDGES FOR SUBSEQUENT ELECTIONS

In McDonald v. Commissioner, supra, the Supreme Court held that a Pennsyl-

---

4. In the Matter of Kaufman, Misc. No. 1737. E.D.Pa.. March 26. 1959. It has been suggested that a judicial pronouncement of innocence on the original charge might alter the result. The wording of the decree makes it unnecessary for us to pass on this question.

5. The government does not dispute that the practice of law is a "business" within the meaning of § 162 of the Internal Revenue Code of 1954. This section provides in pertinent part that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *"

6. Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505 (1927).

7. Although disbarment alone might be sufficient termination of a business under § 164 of the Code, the presence of other compelling facts makes it unnecessary to rule on this bare question.

8. From an address delivered in 1897 entitled "The Path of the Law." Of course in the instant case, the countervailing philosophy which Mr. Justice Holmes suggested at an earlier time that "The life of the law has not been logic: it has been experience" is not as applicable here since the instant matter involves one of statutory construction rather than evolvement of the Common Law to which the latter remarks were addressed. Holmes, The Common Law 1 (1881).

vania state judge seeking re-election for the next term was not permitted to deduct direct campaign expenses and party contributions[9] since these expenditures related to the *future* position to which he aspired and not to the *present* business from which the income flowed. After noting that a judge was in a "trade or business," as that term was used in the then applicable Internal Revenue Code, the Court stated:

> "He could, that is, deduct all expenses that related to the discharge of his functions as a judge. But his campaign contributions were not expenses incurred in being a judge but in trying to be a judge for the next ten years. That is as true of the money he spent more immediately for his own reelection as it is of the 'assessment' he paid into the party coffers for the success of his party's ticket." (323 U.S. at 60, 65 S.Ct. at 97).

This principle was recently reaffirmed *per curiam* in a Third Circuit decision containing almost identical facts. Shoyer v. United States, 290 F.2d 817 (3rd Cir. 1961).

The McDonald and Shoyer cases could be considered more "harsh" rulings than the instant one because in McDonald and Shoyer, supra, the respective taxpayers were engaged continuously in the *same* past "business" as they were seeking in the future. McDonald and Shoyer are analogous to the instant matter in that each situation was subject to involuntary termination.[10] McDonald and Shoyer by expiration of a statutory elected term and the instant plaintiff by reason of judicial termination of his profession pursuant to the disbarment decree.

## II. EXPENDITURES BY ATTORNEYS FOR ADMISSION TO PRACTICE IN ANOTHER STATE.

In Banigan v. Commissioner, 10 CCH Tax Ct.Mem. 561 (1951), the Tax Court held that a member of the New Hampshire Bar could not deduct expenses incurred in an attempt to gain admission to the Rhode Island Bar. In Banigan, the taxpayer was a practicing attorney, whereas in the instant case the plaintiff was not licensed to practice—nor did he practice—in any state.

## III. EXPENDITURES BY LAWYERS FOR THE ULTIMATE RESUMPTION OF PRACTICE IN THE STATE OF ADMISSION.

In Owen v. Commissioner, supra, the taxpayer was an attorney who practiced law in Grand Forks, North Dakota, from 1916 to 1944. In 1944 the taxpayer accepted a full-time position as a Special Assistant to the Attorney General and moved to Washington, D. C. The taxpayer then attempted to deduct the expenses of maintaining a law office in Grand Forks for the period in which he was temporarily serving in Washington. In disallowing the deduction, the Tax Court drew the analogy to expenses incurred in preparation for a trade or business. The Court said that "petitioner in effect incurred expenses in preparation for the resumption of his trade or business, that is, his return to the practice of law in Grand Forks at some indefinite future date." (10 T.C. at 381).[11]

---

9. At argument, plaintiff sought to distinguish McDonald on the ground that the contributions were made to the general party fund and hence were not earmarked for the individual campaign of the taxpayer. This is not a valid distinction because expenditures directly traceable to the taxpayer's campaign were also held nondeductible in that case.

10. Plaintiff had sought to distinguish some of the cases cited by defendant on the ground that they involved voluntary terminations of business.

11. Even though legal expenses were incurred in 1959, the same year the instant plaintiff resumed practicing law, they are not deductible because they related to the readmission proceedings and not to plaintiff's post-readmission law practice. See paragraph 7, plaintiff's complaint.

## IV. GENERAL PRINCIPLES ON THE DEDUCTION OF EXPENSES FOR "PAST" BUSINESS.

Plaintiff cites several cases for the proposition that a business need not be active at the time the expenses are incurred and paid in order for them to be deductible. Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219 (1927); Ditmars v. Commissioner, 302 F.2d 481 (2d Cir. 1962); Flood v. United States, 133 F.2d 173 (1st Cir. 1943). This principle is not in dispute. However, the issue before this Court is whether the expenses in question related to the *past* business of practicing law or to the anticipated future business of practicing law. In each of the cases cited by plaintiff, the Court took painstaking care to point out a *direct relationship to the past business*. Plaintiff has not made such a showing in this case.

To meet this burden of proving a direct relationship to the past business, counsel argues that during the period of disbarment plaintiff Kaufman continued "to follow developments in the law" and he quotes plaintiff's deposition that "my whole life was the law." While we do not doubt that during the time of disbarment plaintiff's primary professional aspirations were "the law," these subjective aspirations are not the equivalent of the *practice* of law. Acceptance of plaintiff's proposed test of professional aspirations would turn the applicable tax provisions into a quagmire of confusion; we would be required to determine subjective intent rather than objective practice.

The objective criteria in this case are that entry into the profession of law is permitted only by court decree; that Mr. Kaufman's license was revoked in 1943; and that Mr. Kaufman was engaged full time in a non-legal manufacturing business for 16 years prior to the expenditures in question. During this time, nothing could be more final as to an exodus from the profession which he loved.

Plaintiff's able counsel has argued his cause with extraordinary talent and eloquence. We are not unmindful of the fact that the judge who dissented in part from the 1943 disbarment has said that he "would not have hanged a cat on the testimony" against Kaufman.[12] However, the order granting readmission was not a review on the merits, but instead was an act of clemency.[13]

Under all of the relevant principles found, I conclude that plaintiff's legal expenditures for readmission to the Bar are not deductible. In so ruling, plaintiff is placed in a position no worse than that of an elected state judge who cannot deduct his expenses for reelection. McDonald v. Commissioner, supra; Shoyer v. United States, supra. No worse than the lawyer with many years of uninterrupted practice at the Bar who cannot deduct those necessary expenditures incurred for resumption of his practice in the future. Owen v. Commissioner, supra. No worse a position than if he had continued to practice and sought to deduct expenses for admission to practice in another state. Banigan v. Commissioner, supra.

For the foregoing reasons, I must grant defendant's motion for summary judgment, and deny plaintiff's motion for summary judgment.

12. In the Matter of Kaufman, reinstatement proceedings before Judge Welsh, April 8, 1959.

13. See note 3, supra.